FILED

03/26/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0164



ORIGINAL

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 24-0164

IN RE THE MARRIAGE OF:

MITCHELL BURGARD,

      Petitioner and Appellee,

and

STACY JACOBSEN,

      Respondent and Appellant.

FILED

MAR 26 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Self-represented Appellant Stacy Jacobsen has filed a verified Petition for an Out-of-Time Appeal, indicating that she failed to file the Notice of Appeal in a timely matter because she has "not yet secured an attorney[.]" She requests additional time to find representation and explains that she has a pending "Motion for consideration of additional evidence, including instances of misleading testimony from opposing party[,]" filed in the Eleventh Judicial District Court, Flathead County. Jacobsen puts forth that she awaits the court's decision, "regarding the granting of a second hearing on this matter." Jacobsen includes a February 16, 2024 Findings of Fact, Conclusions of Law and Order on Jacobsen's Motion for Contempt.

M. R. App. P. 4(6) allows this Court to grant an out-of-time appeal "[i]n the infrequent harsh case and under extraordinary circumstances amounting to a gross miscarriage of justice[.]" "Extraordinary circumstances do not include mere mistake, inadvertence, or excusable neglect." M. R. App. P. 4(6).

We reviewed Jacobsen's attachment. The District Court held a hearing earlier this year on Jacobsen's Motion for Contempt in a dissolution of marriage proceeding, dating back to 2015. The court found that according to the Marital Property and Settlement

Agreement ("agreement"), Jacobsen was awarded possession of the parties' cat, Yasmine, and that Jacobsen should request possession of the cat, following notice from her former husband, Mitchell Burgard ("Burgard"). The court included the agreement's original language whereby "If Wife fails to take the cat or make arrangements for care, Husband shall be allowed to give the [cat] to an appropriate caregiver." Jacobsen moved the court for contempt because she alleged that Burgard did not comply with the agreement when he failed to give Yasmine to Jacobsen. The court pointed out that Yasmine has spent the last nine years in Burgard's care, that he gave her notice to retrieve Yasmine in 2016, as provided in the agreement, and that Jacobsen did not take the cat within the agreed twenty days of notice. The court denied Jacobsen's motion for contempt for this claim. The court granted in part and denied in part Jacobsen's claim about the transfer of digital media. The court set a dollar amount for Burgard to pay Jacobsen for the non-transferred digital songs to purge this contempt.

Jacobsen seeks to appeal an improper judgment. A party may appeal from a certain, specified final judgment in a district court action. M. R. App. P. 6(1). In civil cases, such as Jacobsen's, "an aggrieved party may appeal . . . from a contempt judgment or order in a family law proceeding when, and only when, the judgment or order appealed from includes an ancillary order entered as a result of the contemptuous conduct which affects the substantial rights of the parties involved[.]" Jacobsen appeals a lone order that does not affect her substantial rights; the order denied her motion for contempt, does not compel her to do anything, and comes nine years after she was to seek possession of the cat. She has not demonstrated extraordinary circumstances. M. R. App. P. 4(6). This Court's denial of her Petition will not amount to a gross miscarriage of justice.

IT IS THEREFORE ORDERED that Jacobsen's Petition for an Out-of-Time Appeal is DENIED and DISMISSED.

IT IS FURTHER ORDERED that this matter is CLOSED as of this Order's date.

2

The Clerk of the Supreme Court is directed to provide a copy of this Order to counsel of record and to Stacy Jacobsen personally.

DATED this 26th day of March, 2024.

_____
Chief Justice

_____

_____

_____

_____
Justices

3